■ In the Matter of the Estate of JOHN MICHALSKI, SR., Deceased. MARY MASTALONG et al., Appellants; JOHN MICHALSKI, JR., et al., Respondents.—Appeal from an order of the Surrogate's Court of Saratoga County, entered June 25, 1975, which denied a motion to vacate an order dismissing certain objections to the probate of the last will and testament of John Michalski, Sr. A certain instrument, dated May 7, 1952, was offered for probate as the last will and testament of John Michalski, Sr., following his death on October 7, 1967. Objections involving undue influence and lack of testamentary capacity were filed by three of his surviving daughters and the matter was thereafter transferred to the County Court of Saratoga County for a jury trial on issues framed by the Surrogate. Upon the failure of the contestants to appear when the matter was reached for trial on May 19, 1969, an order was made dismissing their objections and, on the same day, a decree was entered admitting the decedent's will to probate. By order to show cause dated March 4, 1975, one of the initial objectants brought on the instant motion to vacate the foregoing order. She was joined therein by another surviving daughter who had previously waived objection to the probate of decedent's will, but the record is silent as to the position taken by the other two original objectants. In support of their motion it was alleged that the order dismissing the objections was never entered or served upon anyone; that the first attorney for the objectants withdrew and, while another agreed to represent them, no substitution of attorneys ever occurred; that nothing further was heard concerning the case until judicial settlement of the estate was proposed in December of 1974; and, finally, that they did not believe decedent's will represented the product of his voluntary actions. For the purposes of this appeal, which ensued following the denial of their motion, we will assume that the daughter who had previously waived objection has standing to contest the disputed order. The failure to effect service of the order dismissing the objections does not, of itself, affirmatively fulfill movants' burden of establishing an excusable default; it merely precludes reliance on the specified one-year period of limitations as a proper ground to deny an application to be relieved from an order obtained following such a default (CPLR 5015, subd [a], par 1; *Myzal v Mecca,* 28 AD2d 1022). Here, the movants have not shown that the default stemmed from any excusable error on their part. The supporting papers do not precisely state when the original attorney withdrew or when his successor was engaged and, more

importantly, they do not reveal whether the circumstances surrounding the change in attorneys had anything whatever to do with the failure to appear for trial. Furthermore, a conclusory allegation of disbelief in the voluntariness of decedent's action in executing a will hardly amounts to the required demonstration of a meritorious claim. Movants' protracted inactivity, a period of over five years which lasted until the eve of judicial settlement, clearly indicates laches or a willful abandonment of whatever claim they might have possessed. Accordingly, we find no reason to interfere with the discretion properly exercised by the Surrogate in refusing to reopen this matter. Order affirmed, without costs. Koreman, P. J., Kane, Mahoney, Main and Herlihy, JJ., concur.